UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ERIC DORSEY,

    Petitioner,

v.       CIVIL ACTION NO. 5:25-cv-173

WARDEN, FCI BECKLEY,

    Respondent.

## ORDER

Pending are Petitioner Eric Dorsey's (1) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1], and (2) Motion to Waive Requirement to Exhaust Administrative Remedies [Doc. 3], both filed March 19, 2025. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R").

On March 19, 2025, Mr. Dorsey was advised of his failure to pay the $5.00 filing fee, and his ability to file an Application to Proceed Without Prepayment of Fees if he could not afford the fee. [Doc. 4]. On March 31, 2025, Magistrate Judge Tinsley notified Mr. Dorsey that (1) the matter would not proceed unless and until the filing fee or completed application form were received, and (2) his failure to comply would result in a recommendation of dismissal of the action for failure to prosecute. [Doc. 6]. Both notices were subsequently returned as undeliverable on April 16, 2025, and May 5, 2025, because Mr. Dorsey's inmate number was incorrectly cited thereon. [Docs. 7, 9]. The notices were resent to Mr. Dorsey at FCI Beckley with the corrected information those same dates. [*Id*.]. There is no indication from the docket those notices were not successfully delivered to Mr. Dorsey after their remailing.

On October 2, 2025, Magistrate Judge Tinsley, filed a Renewed Order and Notice [Doc. 10], again notifying Mr. Dorsey that his failure to pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs by October 15, 2025, would result in a recommendation of dismissal for failure to prosecute. [Doc. 10]. No fee or application was filed by Mr. Dorsey. On October 21, 2025, Magistrate Judge Tinsley filed his PF&R. [Doc. 11]. Magistrate Judge Tinsley recommended that the Court dismiss the matter for failure to prosecute pursuant to *Federal Rule of Civil Procedure* 41(b) and deny without prejudice Mr. Dorsey's Motion to Waive Requirement to Exhaust Administrative Remedies.

On November 10, 2025, the PF&R was returned as undeliverable. [Doc. 12]. The Bureau of Prisons Inmate Locator revealed Mr. Dorsey was now incarcerated at FCI Williamsburg. [*Id.*]. The PF&R was thus remailed to that location on November 10, 2025. [*Id.*]. On December 5, 2025, Magistrate Judge Tinsley's October 2, 2025, Renewed Order and Notice was returned as undeliverable and, like the PF&R, was resent to Mr. Dorsey at his new place of incarceration that same date. [Doc. 13]. As of this writing, 63 days have lapsed since the remailing of the PF&R, and 38 days have lapsed since the remailing of the Renewed Order and Notice. No responses have been filed by Mr. Dorsey.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-*

*Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were originally due on November 7, 2025. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 11**], **DISMISSES** this action under Rule 41(b) for failure to prosecute, **DENIES WITHOUT PREJUDICE** Mr. Dorsey's Motion to Waive Requirement to Exhaust Administrative Remedies [**Doc. 3**], and **REMOVES** the matter from the docket. Mr. Dorsey is given leave to file this action anew in the event he has, for some unknown reason, failed to receive notice of the PF&R despite its remailing on November 10, 2025.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: January 26, 2026

Frank W. Volk
Chief United States District Judge

---

[1] Despite Mr. Dorsey's apparent failure to keep the Court apprised of his current address as required by *Local Rule of Civil Procedure* 83.5, out of an abundance of caution, additional time has been afforded to Mr. Dorsey to object to the PF&R to account for the remailings detailed above. Still, no objections have been filed. The matter is thus ripe for adjudication.

3